## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**KRISTIN OTTINGER,**

     **Plaintiff,**

**vs.**

**CITY OF TAMPA,**

     **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KRISTIN OTTINGER, hereinafter referred to as "PLAINTIFF" by and through her undersigned attorneys, hereby sues the Defendant, CITY OF TAMPA hereafter referred to as "DEFENDANT" and alleges as follows:

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 because this civil action arises under the Constitution, laws, or treaties of the United States.

2.     Venue lies within the United States District Court for the Middle District of Florida, Tampa Division, in accordance with 28 U.S.C. § 1391(b) because Plaintiff resides in this Judicial District and because a substantial part of the events giving rise to this claim occurred in this Judicial District.

1

**PARTIES**

3.      Plaintiff is a resident of Hillsborough County, Florida.

4.      Defendant is a municipality located in Hillsborough County, Florida.

**ADMINISTRATIVE PREREQUISITES**

5.      All conditions precedent to bringing this action have occurred.

6.      Plaintiff filed a timely Charge of Discrimination with the Equal Opportunity Employment Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

7.      More than 180 days have passed since the filing of the Charge of Discrimination.

8.      Plaintiff intends to amend her Complaint to add claims under the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA") once the EEOC issue's its Right to Sue.

**GENERAL ALLEGATIONS**

9.      This is an action to recover damages suffered by Plaintiff while employed by Defendant when Defendant interfered with Plaintiff's rights under the FMLA and retaliated against Plaintiff for exercising these same rights.

10.      Plaintiff was an employee of Defendant, and she worked at least 1,250

hours in the 12 months preceding her request for leave under the FMLA.

`      11.    Thus, Plaintiff was an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

12.    Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C § 2611(4).

13.    Plaintiff has satisfied all conditions precedent, or they have been waived.

14.    Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

15.    Plaintiff requests a jury trial for all issues so triable.

16.    Plaintiff has a Charge of Discrimination pending with the EEOC Tampa office and intends to amend this Complaint to add additional claims upon complying with administrative prerequisites.

## FACTS

17.    Plaintiff began working for Defendant as an assistant city attorney in August 2011.

18.    Plaintiff had an unblemished personnel file.

19.    At all times relevant to the facts alleged in this Complaint, Plaintiff

3

suffered from a medical condition that qualified as a serious health condition within the meaning of the FMLA.

20.    During her employment Plaintiff was reviewed by three separate City Attorneys, each of which rated her performance as "outstanding".  See attached composite Exhibit "A".

21.    On each Occasion she earned for herself the highest merit increase in her compensation.

22.    Plaintiff began protected maternity leave under the FMLA on April 8, 2019.

23.    On or about September 16, 2019, new City Attorney Gina Grimes announced a policy to heavily scrutinized all leave taken by employees.

24.    On or about January 15, 2020, Plaintiff met with Ms. Grimes to discuss with her her serious health condition.  However, Plaintiff's request for intermittent leave and accommodation via part time work was denied

25.    In February Plaintiff had informed her manager of her intent to take a day of sick leave but was advised by her manager that she was concerned that if she did her job would be in jeopardy.

26.    Thereafter, Plaintiff ran into Ms. Grimes in the work elevator and stated that she still wasn't doing well.  Ms. Grimes inexplicably suggested that hiring a

4

nanny would somehow solve her problems.  She further stated that if she could afford to work part time, she could afford to hire a nanny.  This despite the fact that Plaintiff had her son in daycare full time during her work hours.

27.     On or about February 13, 2020, Plaintiff spoke with Defendant's Human Resources Representative Rebecca Carr and requested intermittent leave and an accommodation.  However, Ms. Carr failed to provide Plaintiff with a Notice of Rights and Responsibilities as required by the FMLA and failed for weeks to follow up with her regarding her request.

28.     Defendant denied Plaintiff's request for leave to which she was entitled.

29.     On or about March 12, 2020, Plaintiff's employment was constructively terminated in retaliation for activity protected by the FMLA.

30.     Plaintiff exercised her rights under the FMLA by taking maternity leave and thereafter requesting leave related to her own serious health conditions.

31.     Defendant's constructive termination of Plaintiff's employment violated Plaintiff's rights under the FMLA.

## COUNT I
## FAMILY MEDICAL LEAVE ACT – INTERFERENCE

32.     Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 31.

33.     Defendant's actions interfered with Plaintiff's rights under the FMLA.

34.    Defendant's actions constitute violations of the FMLA.

35.    As a result of Defendant's unlawful actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for judgment against Defendant for the following damages:

        a.    Back pay and benefits;

        b.    Interest;

        c.    Liquidated damages;

        d.    Attorney's fees and costs;

        e.    Equitable relief;

        f.    Such other relief as is permitted by law.

## COUNT II
## (FMLA DISCRIMINATION/RETALIATION)

36.    Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 31.

37.    Defendant retaliated against Plaintiff for asserting her FMLA rights.

38.    Defendant's actions constitute violations of the FMLA.

39.    As a result of Defendant's actions Plaintiff has suffered damages.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendant for prejudgment interest,

payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

## COUNT III
## FLORIDA CIVIL RIGHTS ACT ("FCRA") – DISABILITY DISCRIMINATION

40.     Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 31.

41.     As described above, Plaintiff has a disability, and/or the Defendant perceived her to have a disability as defined by Florida Civil Rights Act ("FCRA"), Section 760.01, *et seq., Florida Statutes.*

42.     By the conduct described above, Defendant engaged in unlawful employment practices in violation of the FCRA, took adverse employment actions against Plaintiff and discriminated against Plaintiff because of her disability and/or perceived disability.

43.     As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

        a.      Back pay and benefits;

        b.      Interest on back pay and benefits;

        c.      Front pay and benefits;

        d.      Compensatory damages, including damages for mental
                anguish, loss of dignity, and other intangible injuries;

7

e.    Punitive Damages

f.    Pecuniary and non-pecuniary losses;

g.    Attorney's fees and costs; and

h.    For any other relief this Court deems just and equitable.

## COUNT IV
## FLORIDA CIVIL RIGHTS ACT ("FCRA") – FAILURE TO ACCOMMODATE

44.    Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 31.

45.    As described above, Plaintiff has a disability, and/or the Defendant perceived her to have a disability as defined by Florida Civil Rights Act ("FCRA"), Section 760.01, *et seq., Florida Statutes.*

46.    By the conduct described above, Defendant engaged in unlawful employment practices in violation of the FCRA, took adverse employment actions against Plaintiff and discriminated against Plaintiff because of her disability and/or perceived disability. Further, Plaintiff was denied a reasonable accommodation in violation of the Act and Defendant failed to engage in the interactive process.

47.    As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

a.    Back pay and benefits;

b.    Interest on back pay and benefits;

8

     c.     Front pay and benefits;

     d.     Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

     e.     Punitive Damages

     f.     Pecuniary and non-pecuniary losses;

     g.     Attorney's fees and costs; and

     h.     For any other relief this Court deems just and equitable.

## COUNT V
## FLORIDA CIVIL RIGHTS ACT ("FCRA") – RETALIATION

48.     Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 31.

49.     As described above, Plaintiff has a disability, and/or the Defendant perceived her to have a disability as defined by Florida Civil Rights Act ("FCRA"), Section 760.01, *et seq.*, *Florida Statutes.*

50.     By the conduct described above, Defendant engaged in unlawful employment practices in violation of the FCRA, took adverse employment actions against Plaintiff and retaliated against Plaintiff because of her disability and/or perceived disability and/or gender.

51.     As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

     a.     Back pay and benefits;

b.      Interest on back pay and benefits;

c.      Front pay and benefits;

d.      Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

e.      Punitive Damages

f.      Pecuniary and non-pecuniary losses;

g.      Attorney's fees and costs; and

h.      For any other relief this Court deems just and equitable.

### COUNT VI
### FCRA- GENDER DISCRIMINATION

52.     Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 31.

53.     Plaintiff is a member of a protected class under the Florida Civil Rights Act.

54.     By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her gender and pregnancy in violation of the Florida Civil Rights Act.  In addition Defendant's workplace leave policy has a disparate impact upon female caregivers such as Plaintiff.

55.     Defendant knew or should have known of the discrimination.

10

56.     As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

        a.    Back pay and benefits;

        b.    Interest on back pay and benefits;

        c.    Front pay and benefits;

        d.    Compensatory damages for emotional pain and suffering;

        e.    Punitive damages;

        f.    For costs and attorneys' fees;

        g.    Injunctive relief;

        h.    For any other relief this Court deems just and equitable.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendant for prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

Dated this 26th day of January 2022.

                          FLORIN GRAY BOUZAS OWENS, LLC

                          /s/Wolfgang M. Florin
                          Wolfgang M. Florin

Florida Bar No. 907804
wolfgang@fgbolaw.com
Christopher D. Gray
Florida Bar No.: 0902004
chris@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 220-4000
 Facsimile (727) 483-7942
Attorneys for Plaintiff